IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CRYSTAL BLAKELY                                                                                     PLAINTIFF
*On behalf of*
D.E., A MINOR

vs.                                          Civil No. 6:09-cv-06115

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Crystal Blakely ("Plaintiff") brings this action on behalf of D.E., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying D.E.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff filed an SSI application on behalf of D.E. on July 25, 2006.  (Tr. 80-82).  In her application, Plaintiff alleged D.E. was disabled due to allergies, learning delays, attention deficit hyperactivity disorder ("ADHD"), and ongoing psychological and behavioral issues. (Tr. 97). Plaintiff alleged D.E.'s onset date was January 1, 2004.  (Tr. 93).  This application was denied initially on

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

October 17, 2006 and again upon reconsideration on January 23, 2007.  (Tr. 51-59).

On March 27, 2007, Plaintiff requested an administrative hearing on D.E.'s application, and this hearing request was granted.  (Tr. 60).  An administrative hearing was held on April 7, 2009 in Madison, Wisconsin.  (Tr. 26-46).  Plaintiff was present at the hearing but was not represented by counsel, however she indicated her desire to proceed without a representative.  (Tr. 28-30).

On May 18, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of D.E.  (Tr. 15-25).  In this decision, the ALJ found D.E. was born on June 11, 2001, was a preschooler on the date the application was filed, and was a school-aged child on the date of his decision.  (Tr. 15, Finding 1).  The ALJ determined D.E. had not engaged in Substantial Gainful Activity ("SGA") at any time relevant to his decision.  (Tr. 15, Finding 2).  The ALJ determined D.E. had the following severe impairments: ADHD and asthma.  (Tr. 15, Finding 3).  The ALJ also determined none of D.E.'s impairments met or were functionally equivalent to the Listing of Impairments in 20 CFR Part 404, Subpart p, Appendix 1 ("Listings").  (Tr. 15, Finding 4).

In assessing whether D.E.'s impairments were functionally equivalent to a listing, the ALJ assessed the six domains of functioning.  (Tr. 15, Finding 5).  Specifically, the ALJ determined D.E. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving about and manipulating objects; (5) less than marked  limitation in the ability to care for herself; and (6) less than marked limitation in health and physical well-being.  (Tr. 16-25).  Based upon these findings, the ALJ determined D.E. had not been disabled, as defined by the Act, since March 15, 2005, the date D.E.'s application was filed.  (Tr. 25, Finding 6).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8). *See* 20 C.F.R. § 404.968. On October 5, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 4-6). On December 7, 2009, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 3, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 13. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)), which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th

Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409. Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2006, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1)

acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being.  *See* 20 C.F.R. § 416.926a(b)(1).  If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing.  *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005).  A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities.  *See* 20 C.F.R. § 416.926a(e)*.*  An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities.  *See id.*  "Extreme" limitation is the rating the Commissioner gives to the most serious limitations.  *See id.*

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (a) D.E. meets or medically equals a Listed impairment for disability, and (b) substantial evidence does not support the ALJ's determination that D.E.'s impairments are not functionally equivalent to the Listings.  ECF No. 10, Pgs. 2-21.  In response, Defendant argues: (a) the ALJ's disability determination is supported by substantial evidence in the record, and (b) the ALJ properly determined D.E.'s impairments were not functionally equivalent to a Listing.  ECF No. 13, Pgs. 5-18.

**A. Listings**

The ALJ found D.E. did suffer from impairments considered to be severe within the meaning

of the Social Security regulations. These impairments included ADHD and asthma. (Tr. 15, Finding 3). However, there was no substantial evidence in the record showing D.E.'s condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that the impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff alleges D.E. has a listed impairment and sets forth seventeen (17) diagnoses that appear throughout the record. ECF No. 10, Pg. 3-4. However, Plaintiff fails to show that these impairments meet or equal any specific listing. A diagnosis of an impairment is not disabling *per se*. There must be a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs. *See Trenary v. Brown*, 898 F.2d 1361,1364 (8th Cir. 1990).

I find substantial evidence supports the ALJ's determination D.E. did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1.

### B. Domains of Functioning

Plaintiff claims the ALJ erred by finding D.E.'s impairments were not functionally equivalent to the Listings. ECF No. 10, Pages 7-21. Specifically, Plaintiff claims D.E. has the following limitations: (a) marked or extreme limitation in acquiring and using information,[2] (b) marked limitation in attending and completing tasks, (c) extreme limitation in interacting and relating with others, (d) minor limitation in moving about and manipulating objects, (e) marked limitation in caring for yourself, and (f) marked limitation in health and physical well-being. This Court will address each

---

[2] Plaintiff does not specifically state whether she claims D.E. has a *marked* or an *extreme* limitation in this domain of functioning. ECF No. 10, Pgs. 8-10. Therefore, this Court assumes Plaintiff is arguing that D.E. has either a marked or an extreme limitation in this domain of functioning. *See id.*

6

of these six domains of functioning.

### 1. Acquiring and Using Information

The domain of Acquiring and Using Information, includes the ability to think, to acquire and use information, and to engage in visual and verbal reasoning, problem solving, and idea development. *See* 20 C.F.R. § 416.926a(g). Additional functional criteria are described for each age group in each domain of functioning. *See* 20 C.F.R. § 416.926a(g)(2). In this domain, "school-age" children (within the age group 6 to 12) should be able to learn to read, write, and do math, and discuss history and science. *See* 20 C.F.R. § 416.926a(g)(2)(iv).

The ALJ determined D.E. had less than marked limitation in the domain of acquiring and using information. (Tr. 19-20). Plaintiff claims D.E. has a marked or extreme limitation in acquiring and using information. ECF No. 10, Pages 8-10. On October 4, 2006, Dr. Thomas Moran, Ph.D., performed a consultative examination of D.E. (Tr. 198-203). At the time of the exam, D.E. was in kindergarten. (Tr. 199). In the domain of "acquiring and using information," Dr. Moran noted D.E. presented no evidence of any developmental delays. (Tr. 200). Dr. Moran indicated that, while at times, D.E. needs some requests repeated if she is able to complete them, more often D.E. can complete simple one or two-step tasks. (Tr. 202). Dr. Moran found D.E. was in a mainstream classroom in kindergarten, and there were no concerns being reported regarding her learning skills or ability. (Tr. 200). Dr. Moran also found D.E. could communicate her ideas, as well as understand and follow simple one or two-step directions. (Tr. 200).

On October 17, 2006, state agency physician Dr. Cathy Propper, Ph.D., prepared a Childhood Disability Evaluation Form. (Tr. 208-213). Dr. Propper indicated D.E. had a less than marked limitation in the domain of "acquiring and using information." (Tr. 210).

On October 22, 2007, D.E. was seen by Dr. Michael Trias. (Tr. 271-273). Dr. Trias indicated D.E.'s overall school performance was good, and she was receiving resource help in math and reading. (Tr. 272). It was also reported D.E. had been doing well overall in school during the year. (Tr. 272). Dr. Trias also noted D.E. seemed to be learning and retaining information better. (Tr. 272).

On March 26, 2009, a hearing was held in connection with D.E.'s Individualized Education Plan (IEP) report prepared by the Madison Metropolitan School District. (Tr. 287-304). D.E.'s principal, Julie Frentz, indicated D.E.'s reading had improved since the beginning of the school year and she had become a more confident reader. (Tr. 288). Ms. Frentz noted D.E. did fairly well using capital letters and periods in writing, but needed a few prompts to revise. (Tr. 288). Ms. Frentz indicated math was one of D.E.'s better subjects and she worked well with numbers, seemed to have good number sense, did well with math facts, and was learning some good strategies to solve story problems. (Tr. 288).

This Court finds Plaintiff did not meet her burden of establishing D.E. suffers from a marked or extreme limitation in this domain of functioning and substantial evidence supports the ALJ's finding of a less than marked limitation in the domain of acquiring and using information.

### 2. Attending and Completing Tasks

The domain of Attending and Completing Tasks, involves consideration of how well the child is able to focus and maintain attention, and how well the child begins, carries through, and finishes activities, including the pace at which activities are performed and the ease with which the child changes them. *See* 20 C.F.R. § 416.926a(h). In connection with this domain, school-age children should, among other things, be able to focus attention sufficiently to follow directions, remember and organize school materials, and complete classroom and homework assignments. *See* 20 C.F.R. § 416.926a(h)(iv).

The ALJ determined D.E. had a less than marked limitation in the domain of attending and completing tasks. (Tr. 20-21). Plaintiff claims D.E. has a marked limitation in acquiring and using information. ECF No. 10, Pages 10-14.

Dr. Moran, in his consultative examination of D.E. stated that since D.E. started taking medications for ADHD prescribed by David Israelistam, M.D., in July 2006, D.E.'s mood, attitude, behavior, and emotional regulation had all significantly improved. (Tr. 199-200). Dr. Moran also noted D.E. was more attentive, motivated, ready to learn, compliant, and controlled in general. (Tr. 200). In the domain of "attending and completing tasks," Dr. Moran found D.E. displayed adequate attention and concentration on requested task and was able to persist at task completion with no evidence of frustration. (Tr. 200). Dr. Propper, in her Childhood Disability Evaluation Form, indicated D.E. had a less than marked limitation in the domain of attending and completing tasks. (Tr. 210).

On April 16, 2007, D.E. was seen by Dr. Trias. (Tr. 283). Dr. Trias indicated D.E.'s ADHD medication was working well, but seemed to wear off in the afternoons. (Tr. 283). Dr. Trias indicated D.E.'s overall response to medication seemed to indicate D.E. was more calm and appeared to have fewer tantrums. (Tr. 283). On October 22, 2007, Dr. Trias indicated D.E.'s focus and attention was good and D.E.'s overall response to medications was improved. (Tr. 272). Dr. Trias noted D.E. was doing well on her current medication regimen and doing well in school. (Tr. 272). Finally, Dr. Trias indicated D.E.'s teachers had not indicated that inattention, hyperactivity, or impulsivity were problems. (Tr. 272).

This Court finds substantial evidence supports the ALJ's finding of a less than marked limitation in the domain of attending and completing tasks.

9

### 3. Interacting and Relating with Others

The domain of Interacting and Relating with Others involves how well the child initiates and sustains emotional connections with others, develops and use the community's language, cooperates with others, complies with rules, responds to criticism, and respects and takes care of the possessions of others. *See* 20 C.F.R. § 416.926a(i)**.**

The ALJ determined D.E. had a less than marked limitation in the domain of interacting and relating with others. (Tr. 21-22). Plaintiff claims D.E. has an extreme limitation in this domain of functioning. ECF No. 10, Pages 14-16.

Dr. Moran, in his consultative examination of D.E. indicated the frequency of D.E.'s temper tantrums had decreased significantly. (Tr. 200). Plaintiff reported she was very pleased with the progress D.E. had made in the previous months. (Tr. 200). In the domain of "interacting and relating with others," Dr. Moran noted that since D.E. had started taking medications in July of 2006, D.E. was more settled, less aggressive, and better able to interact with others without displaying anger or frustration. (Tr. 200). Dr. Moran noted D.E. reportedly had friends at school and interacted appropriately with them. (Tr. 200). Dr. Propper, in her Childhood Disability Evaluation Form, indicated D.E. had a less than marked limitation in the domain of interacting and relating with others. (Tr. 210).

In D.E.'s IEP report it was noted D.E. was an outgoing student who had many friends. (Tr. 308). The report indicates D.E. played well with all of the students at different times throughout the day and the week. (Tr. 308). The report further indicates D.E. enjoyed small group and whole group activities. (Tr. 308).

This Court finds substantial evidence supports the ALJ's finding of a less than marked limitation in the domain of interacting and relating with others.

### 4. Moving About and Manipulating Objects

The child's gross and motor skills are assessed in the domain of moving about and manipulating objects. *See* 20 C.F.R. § 416.926a(j). The ALJ determined D.E. had no limitation in the domain of moving about and manipulating objects. (Tr. 22-23). Plaintiff claims D.E. "has a minor impairment of her gross motor skills and has a lot of difficulty dressing and undressing herself." ECF No. 10, Pg. 16.

According to Plaintiff's testimony at the hearing, D.E. can ride a bike and enjoys playing computer games. (Tr. 40-41). Also, on July 25, 2006 Plaintiff completed a Function Report in connection with the filing of this application. (Tr. 83-92). In this report, Plaintiff indicated D.E.'s physical abilities were not limited and her habits and ability to take care of her personal needs were not affected by her impairments. (Tr. 90-91).

Dr. Moran, in his consultative examination of D.E., noted that, in the domain of moving about and manipulating objects, D.E. did not exhibit any obvious motor problem. (Tr. 200). He also indicated, based on Plaintiff's comments, that D.E. was occasionally clumsy at home, but not to a significant degree. (Tr. 200). Dr. Propper, in her Childhood Disability Evaluation Form, indicated D.E. had no limitation in the domain of moving about and manipulating objects. (Tr. 211). Finally, D.E.'s kindergarten teacher, Wendy Steve indicated in her Teacher Questionnaire for D.E. that she had not observed any problems in the domain of moving about and manipulating objects. (Tr. 119).

This Court finds substantial evidence supports the ALJ's finding of no limitation in the domain of moving about and manipulating objects.

### 5. Caring for Yourself

This domain requires consideration of how well the child can maintain his emotional and

physical health, including the ability to fulfill wants and needs, as well as cope with stress and change, and caring for his or her own health, possessions, and living area. 20 C.F.R. § 416.926a(k).

The ALJ determined D.E. had a less than marked limitation in the domain of caring for yourself. (Tr. 23-24). Plaintiff claims D.E. has a marked limitation in this domain of functioning. ECF No. 10, Pages 16-18.

On July 25, 2006 Plaintiff completed a Function Report in connection with the filing of this application. (Tr. 83-92). In this report, Plaintiff indicated D.E.'s impairments did not affect her ability to take care of her personal needs. (Tr. 91).

Dr. Moran, in his consultative examination of D.E. indicated in the domain of caring for self, that D.E. was able to complete her own activities of daily living at a level appropriate for her age. (Tr. 200-201). Dr. Moran also indicated that with limited supervision, D.E. could brush her teeth, get dressed and while at times, she may need some reminder to complete these tasks, overall she was able to carry out chores and task at a level appropriate for a five year old child. (Tr. 200-201). Also, Dr. Propper, in her Childhood Disability Evaluation Form, indicated D.E. had a less than marked limitation in the domain of caring for self. (Tr. 211).

D.E.'s kindergarten teacher, Wendy Steve indicated in her Teacher Questionnaire for D.E. that D.E. had no problem being patient when necessary; taking care of her personal hygiene; caring for her physical needs; cooperating in or being responsible for taking needed medications; and responding appropriately to changes in her own mood. (Tr. 120).

This Court finds substantial evidence supports the ALJ's finding of a less than marked limitation in the domain of caring for self**.**

### 6. Health and Physical Well-Being

In this domain, the issue is the cumulative physical restrictions upon the functioning of claimant's physical and mental impairments, and their associated treatments or therapies on the child's functioning not otherwise considered in the domain of "moving and manipulating objects." 20 C.F.R. § 416.926a(l).

The ALJ determined D.E had a less than marked limitation in the domain of health and physical well-being. (Tr. 24-25). Plaintiff claims D.E. has a marked limitation in this domain of functioning. ECF No. 10, Pages 18-20.

On July 25, 2006 Plaintiff completed a Function Report in connection with the filing of this application. (Tr. 83-92). In this report, Plaintiff indicated D.E.'s impairments did not limit her physical abilities. (Tr. 90).

D.E.'s kindergarten teacher, Wendy Steve indicated in her Teacher Questionnaire for D.E. that D.E. took medication for asthma, ADHD and allergies on a regular basis and the medication helped her functioning and behavior. (Tr. 121). Ms. Steve also indicted D.E. did not frequently miss school due to illness. (Tr. 121).

The record medical evidence also supports the ALJ's finding that D.E.'s asthma and allergies were controlled with treatment and medication. On April 27, 2005, D.E. was seen by Dr. Patricia L. Bellisimo. (Tr. 140-142). Dr. Bellisimo indicated D.E. was doing well with Pulmicort medication for her asthma. (Tr. 142). On July 17, 2006, D.E. was seen by allergist Dr. Don Bukstein. (Tr. 187). Dr. Bukstein indicated D.E. was doing very well on Pulmicort and Albuterol for her conditions. (Tr. 187). D.E. returned to Dr. Bukstein August 30, 2006. (Tr. 188). Dr. Bukstein indicated D.E. was doing great and had no nasal, ocular or chest symptoms. (Tr. 188).

Dr. Moran, in his consultative examination of D.E. indicated D.E.'s allergies and asthma were, for the most part, controlled by medications. (Tr. 201). Dr. Moran also stated no other serious or chronic illnesses were reported. (Tr. 201). Also, Dr. Propper, in her Childhood Disability Evaluation Form, indicated D.E. had a less than marked limitation in the domain of health and physical well-being. (Tr. 211).

On September 9, 2008, returned to see Dr. Bukstein. (Tr. 255-256). Dr. Bukstein indicated D.E. had no cough, shortness of breath, or wheezing, and had not had any symptoms or episodes since one year previously. (Tr. 255). Dr. Bukstein stated D.E.'s condition was stable with no interval changes. (Tr. 255). A spirometry test showed no obstruction or restriction present. (Tr. 256).

This Court finds substantial evidence supports the ALJ's finding of a less than marked limitation in the domain of health and physical well-being.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of March, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE